## TIDEWATER PORTLAND CEMENT CO. v. POTTASH BROS.

(District Court, E. D. Pennsylvania. August 25, 1921.)

No. 7364.

Pleading ☞48—Statement of claim held sufficient.

A statement of claim held sufficient in law and to state a cause of action.

At Law. Action by the Tidewater Portland Cement Company against Pottash Bros. On questions of law raised by affidavit of defense. Statement of claim held sufficient.

Levi & Mandel, of Philadelphia, Pa., for plaintiff.

Max Aron and B. D. Oliensis, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. If the statement of claim in the instant case had been cast in the common-law form, it would have contained at least two counts setting forth distinct, although related, causes of action. One would have declared upon a contract in writing to deliver and its breach; the other would have declared upon another like, although oral, contract made as a modification of or substitution, for the first and its like breach. A claim for damages would have followed. The statement of claim as filed is in legal intendment the equivalent of such a declaration. The affidavit of defense seeks to raise several questions of law: (1) The reform of written contracts by oral testimony; (2) the right of plaintiff to have alternative or cumulative causes of action; (3) whether a good cause of action is disclosed by the statement of claim; and (4) whether the plaintiff has applied the proper measure of damages. Each of these questions is one of law, and one which may be raised, and one which, if it arises, may be of importance.

The present point, however, is whether the questions now arise, or whether they can now be raised. When a cause of action exists, it may be stated. The converse, however, does not hold good. When no cause

of action is set forth, judgment may be pronounced at once. When, however, the question is whether the cause of action averred can be proven, its determination must be deferred until trial. We have, in consequence, this analysis of the questions of law which are in a cause —questions which arise out of the pleadings and questions which may arise at the trial. The Practice Act of 1915 (P. L. 483 [1]) recognizes this distinction and gives authority to the courts to pronounce judgment in advance of trial when the question of law raised goes to the whole case, or a part of it. This means to some of the causes of action set forth.

Following this analysis, it is clear that questions (1) and (4) do not go to the cause of action, but are trial questions. Question (2) is also properly a trial question, because at the most a plaintiff who had not the right to pursue two causes of action would be driven to his election, and should not be compelled to elect before trial. We will, however, dispose of it now. Changes in the mere form of procedure work no change in the substance, nor do any changes in form often work a change in substance. The substitution of a narrative statement of the claim made in a cause and on what facts it is based for the more formal declarations previously in use was intended to work no change in substance. The substantial requirement was and still is that a cause of action good in law must be set forth. Declarations might be made up of separate counts, each setting forth a different cause of action. The practical value of this right was to meet the practical difficulty of forecasting exactly what the proofs would show.

The instant case on its indicated facts affords a good illustration of the difficulty and the need of some pleading expedient to meet it. The facts as developed may prove to be that the parties had a contract; that when what the plaintiff claims to have been a breach occurred the plaintiff offered and the defendant accepted a further opportunity for performance, followed by what the plaintiff claims to have been a second default. The question may then be anticipated to arise of whether the proofs show the first contract and its breach, or a substituted contract and its breach. When confronted with the possibility of such a fact situation presenting itself, a careful pleader would have prepared for it by declaring upon each of these contracts in separate counts. Declarations in the common counts were in use for this purpose. There is nothing in the Practice Act of 1915 to deny to plaintiffs the substance of this right.

The question of law raised to challenge this right is decided against the defendant. The third question, which raises the question of whether the plaintiff's statement of claim discloses a good cause of action, is also decided against the defendant without discussion. The remaining questions, as already stated, are trial questions.

The defendant may file an affidavit of defense to the averments of fact in the statement of claim within 15 days.

[1] Pa. St. 1920, §§ 17181-17204.